IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES THOMAS, | § | |
| | § | |
| Plaintiff Below, | § | No. 340, 2020 |
| Appellant/Cross-Appellee, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| HEADLANDS TECH PRINCIPAL | § | C.A. No. N19C-011-041 |
| HOLDINGS, LP, formerly known as | § | |
| Headlands Principal Holdings, LP, a | § | |
| Delaware limited partnership, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee/Cross-Appellant. | § | |
| | § | |

Submitted: October 21, 2020
Decided: November 6, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, the exhibits to those notices, and the notice of cross-appeal, it appears to the Court that:

(1)     The plaintiff below-appellant, James Thomas, has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion, dated September 22, 2020, granting in part the motion to dismiss filed by the defendant below-appellee, Headlands Tech Principal Holdings, LP, formerly known as Headlands Principal Holdings, LP ("Principal Holdings").  Principal

Holdings has filed a notice of cross-appeal from the same interlocutory order.

(2)    This litigation arises from a voluntary repurchase, separation, and release agreement ("Separation Agreement").  Under the Separation Agreement, Thomas agreed to sell all of his limited partnership units in Principal Holdings to Principal Holdings in exchange for a purchase price to be paid in two installments. Principal Holdings made the first installment payment, but not the second installment payment.

(3)    On November 8, 2019, Thomas filed a complaint against Principal Holdings in the Superior Court.   The complaint contained two counts, breach of contract and breach of the implied covenant of good faith and fair dealing based on Principal Holdings' failure to make the second installment payment.   Principal Holdings filed a motion to dismiss the complaint, which Thomas opposed.

(4)    On September 22, 2020, the Superior Court issued an opinion denying in part and granting in part the motion to dismiss.[1]  The Superior Court held that the breach of contract claim was not ripe because payment of the second installment was conditioned upon the occurrence of one of two possible events and one of those two events could still occur.[2]  The Superior Court concluded that the complaint did state a claim for breach of the implied covenant of good faith and fair

---

[1] *Thomas v. Headlands Tech Principal Holdings, LP*, 2020 WL 5946962 (Del. Super. Ct. Sept. 22, 2020).
[2] *Id.* at *5-6.

dealing, which was pleaded in the alternative to the breach of contract claim.[3]

(5)     Thomas filed an application for certification of an interlocutory appeal as to the Superior Court's dismissal of the breach of contract claim.  He argued that certification was appropriate because the dismissal decided a substantial issue of material importance.  He also contended that the Rule 42(b)(iii) factors weighed in favor of certification because the Superior Court's ruling conflicted with existing Delaware case law regarding the creation of a condition precedent in a contract,[4] review of the decision could terminate the litigation,[5] and review of the decision would serve considerations of justice.[6]  Principal Holdings opposed the application, but in the alternative sought certification of the denial of its motion to dismiss as to the implied covenant claim if the Superior Court granted Thomas's application for certification.

(6)     On October 16, 2020, the Superior Court denied Thomas's application.[7] The Superior Court found that the dismissal of a breach of contract claim based on the straightforward application of contract law did not determine a substantial issue of material importance.[8]  As to the Rule 42(b)(iii) criteria, the Superior Court found

---

[3] *Id.* at *6-8.
[4] Supr. Ct. R. 42(b)(iii)(B).
[5] Supr. Ct. R. 42(b)(iii)(G).
[6] Supr. Ct. R. 42(b)(iii)(H).
[7] *Thomas v. Headlands Tech Principal Holdings, LP*, 2020 WL 6112302 (Del. Super. Ct. Oct. 16, 2020).
[8] *Id.* at *2.

3

its decision did not conflict with existing case law, reversal of the opinion would not terminate the litigation, and interlocutory review would not serve considerations of justice.[9] The Superior Court concluded that the likely benefits of interlocutory review did not outweigh the probable costs such that interlocutory review would be in the interests of justice.[10] The Superior Court stated that it would refuse certification of the ruling as to the implied covenant claim for the same reasons it refused to certify the ruling as to the breach of contract claim.[11]

(7) Applications for interlocutory review are addressed to the sound discretion of the Court.[12] In the exercise of our discretion and giving due weight to the Superior Court's denial of the applications for certification, this Court has concluded that the applications for interlocutory review do not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[14]

---

[9] *Id.* at *2-3.
[10] *Id.* at *3.
[11] *Id.*
[12] Supr. Ct. R. 42(d)(v).
[13] Supr. Ct. R. 42(b)(ii).
[14] Supr. Ct. R. 42(b)(iii).

4

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal and cross-appeal are REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

5